**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S COURTHOUSE ROAD SUITE 1001
ARLINGTON VA 22204-2490

JDR
Docket No: 2451-17
FEB 2 0 2018

MR DAVID P SHELDON
100 M STREET SE SUITE 600
WASHINGTON DC 20003

Dear Mr. Sheldon:

This is in reference to your client, Commander Eric C. Cash. His Application for Correction of Naval Record (DD Form 149) was received on 15 March 2017.

The records in his case were referred to the appropriate offices for advisory opinions. These opinions have been received and are enclosed for your information. These opinions are advisory only and not binding upon the Board or the Secretary of the Navy.

If your client wishes to submit any further statements or additional documentary material in support of this application, he should do so within 30 days from the date of this letter. Unless a written extension of time is requested within the 30 day period, this case will be decided on the evidence of record as soon as a crowded docket will permit.

Sincerely,

DAVID J. CASH
By direction

Enclosure: 1. BUPERS-00J ltr dtd 2Feb18
2. PERS-801 ltr 5420 PERS-80 dtd 11Dec17

330/329/310

# APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552

*(Please read instructions on reverse side BEFORE completing this application.)*

OMB No. 0704-0003

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Executive Services Directorate, Information Management Division, 1155 Defense Pentagon, Washington, DC 20301-1155 (0704-0003). Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ORGANIZATION. APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

NR20170002451

CASH, ERIC C

**PRIVACY ACT STATEMENT**

**AUTHORITY:** Title 10 US Code 1552, EO 9397.

**PRINCIPAL PURPOSE:** To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

**ROUTINE USE**

**DISCLOSURE** information may ... Social Security number is strictly to assure proper identification of the individual and appropriate records.

**1. APPLICANT DATA** *(The person whose record you are requesting to be corrected.)*

**a. BRANCH OF SERVICE** *(X one)*: ○ ARMY ● NAVY ○ AIR FORCE ○ MARINE CORPS ○ COAST GUARD

| b. NAME *(Print - Last, First, Middle Initial)* | c. PRESENT OR LAST PAY GRADE | d. SERVICE NUMBER *(If applicable)* | e. SSN |
|---|---|---|---|
| Cash, Eric C. | 0-5 | | 445 66 3013 |

| 2. PRESENT STATUS WITH RESPECT TO THE ARMED SERVICES *(Active Duty, Reserve, National Guard, Retired, Discharged, Deceased)* | 3. TYPE OF DISCHARGE *(If by court-martial, state the type of court.)* | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY *(YYYYMMDD)* |
|---|---|---|
| Retired | Honorable | 20150930 |

**5. I REQUEST THE FOLLOWING ERROR OR INJUSTICE IN THE RECORD BE CORRECTED:** *(Entry required)*

See attached memorandum and supporting exhibits.

**6. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST FOR THE FOLLOWING REASONS:** *(Entry required)*

See attached memorandum and supporting exhibits.

**7. ORGANIZATION AND APPROXIMATE DATE** *(YYYYMMDD)* **AT THE TIME THE ALLEGED ERROR OR INJUSTICE IN THE RECORD OCCURRED** *(Entry required)* USS San Antonio LPD 17

**8. DISCOVERY OF ALLEGED ERROR OR INJUSTICE**

| a. DATE OF DISCOVERY *(YYYYMMDD)* | b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THE APPLICATION. |
|---|---|
| 20100501 | N/A. SSCRA. |

**9. IN SUPPORT OF THIS APPLICATION, I SUBMIT AS EVIDENCE THE FOLLOWING ATTACHED DOCUMENTS:** *(If military documents or medical records are pertinent to your case, please send copies. If Veterans Affairs records are pertinent, give regional office location and claim number.)*

See memorandum and supporting exhibits.

**10. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C.** *(At no expense to the Government) (X one)* ● YES. THE BOARD WILL DETERMINE IF WARRANTED. ○ NO. CONSIDER MY APPLICATION BASED ON RECORDS AND EVIDENCE.

**11.a. COUNSEL** *(If any)* **NAME** *(Last, First, Middle Initial)* **and ADDRESS** *(Include ZIP Code)*

David P. Sheldon
100 M Street SE, Suite 600
Washington, DC 20003

**b. TELEPHONE** *(Include Area Code)* 202 546 9575

**c. E-MAIL ADDRESS** davidsheldon@militarydefense.com

**d. FAX NUMBER** *(Include Area Code)* 202 546 0135

**12. APPLICANT MUST SIGN IN ITEM 15 BELOW. If the record in question is that of a deceased or incompetent person, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY THE APPLICATION. If the application is signed by other than the applicant, indicate the name** *(print)* ______ **and relationship by marking one box below.**

○ SPOUSE ○ WIDOW ○ WIDOWER ○ NEXT OF KIN ○ LEGAL REPRESENTATIVE ○ OTHER *(Specify)*

**13.a. COMPLETE CURRENT ADDRESS** *(Include ZIP Code)* **OF APPLICANT OR PERSON IN ITEM 12 ABOVE** *(Forward notification of all changes of address.)*

David P. Sheldon
100 M Street SE, Suite 600
Washington, DC 20003

**b. TELEPHONE** *(Include Area Code)*

**c. E-MAIL ADDRESS** davidsheldon@militarydefense.com

**d. FAX NUMBER** *(Include Area Code)* 202 546 9575

**14. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** *(U.S. Code, Title 18, Sections 287 and 1001, provide that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)*

**CASE NUMBER** *(Do not write in this space.)*

MAR 15 2017

**15. SIGNATURE** *(Applicant must sign here.)* [signature]

**16. DATE SIGNED** *(YYYYMMDD)* 20170223

2 February 2018

From: Office of Legal Counsel (BUPERS-00J) 2/2
To: Executive Director, Board for Correction of Naval Records
Via: Assistant for BCNR Matters (BUPERS-3)

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS ICO ERIC C. CASH

Ref: (a) BCNR File No. 20170002451
(b) 10 U.S.C. § 1552
(c) SECNAVINST 5420.193

1. I have reviewed reference (a) and recommend disapproval of Petitioner's request. I offer the following comments in support of this recommendation.

2. Facts:

a. On 13 May 2010, Petitioner was given Non-Judicial Punishment (NJP) for an alleged violation of UCMJ, Article 92 (failure to obey order or regulation). He was awarded a Punitive Letter of Reprimand. The NJP was the result of an incident that occurred on 9 February 2009 while Petitioner was the Commanding Officer of the USS San Antonio and a sailor was killed in a Rigid Hull Inflatable Boat (RHIB) accident.

b. Petitioner unsuccessfully appealed his NJP.

c. Petitioner failed to promote to Captain and retired as a Commander on 30 September 2015.

d. On 15 May 2017, Petitioner filed this request with BCNR.

3. Issue: Whether law or equity requires correction of Petitioner's record to remove the Letter of Reprimand, reference to the NJP, and all passovers for promotion from his personnel file, and direct a Special Selection Board?

4. Short Answer: No.

a. As a threshold matter, Petitioner's request may be timely. Pursuant to reference (b), a correction of a military record may only be made if such a request is filed within three years after the discovery of the error or injustice. Petitioner acknowledged that he discovered the error or injustice on 1 May 2010, around the time he received NJP. Petitioner filed this BCNR request seven years later. Petitioner argues that pursuant to the Servicemember's Civil Relief Act (SCRA), the statute of limitations to file any lawsuit, including actions with a federal or state board, are tolled for the period of time the individual is in the military. 50 U.S.C. § 526(a). In this case, Petitioner claims that



FEB 14 2018

his time to file a BCNR claim did not begin until he left active duty in May 2015. Because, as discussed *infra*, the application should be denied on the merits, this opinion will not address the timeliness of the claim.

b. Per reference (b), SECNAV has delegated the authority to correct a Petitioner's record to the BCNR. Pursuant to reference (c), a Petitioner must offer sufficient evidence establishing that a material error or injustice is present. If a Petitioner shows a material error or injustice, BCNR is afforded great latitude to correct their record. *See Boyer v. United States,* 81 fed. Cl. 188, 193-94 (Fed. Cl. 2008); *Porter v. United States*, 163 F.3d 1304, 1324 (C.A. Fed. 1998).

c. Petitioner first argues that the preponderance of evidence did not support that Petitioner was derelict in his duties onboard the USS San Antonio. Petitioner makes a compelling case in that Petitioner had signed all of the watch bills that he was required to sign and that there was no watch bill for small boat operations. He also argues that there was no watch bill requirement for small boat operations and that he had ensured proper supervision for the small boat operation on the day in question. Petitioner further claims that negligence or dereliction of duty was not the proximate cause of the accident, which was the result of RHIB engine failure and a malfunctioning sea painter line. Despite the evidence presented by Petitioner, from a legal standpoint, it is difficult to determine that there was insufficient evidence to support the Article 92 charge at NJP. First, NJP, which is governed by UCMJ, Article 15, does not follow the same stricter rules for judicial proceedings. As a result, there is generally no formal record of proceedings. Therefore, it is difficult to know what evidence was considered by the Admiral who administered Petitioner's NJP. For example, it is unknown whether Petitioner's NJP included all of the evidence presented by Petitioner in this BCNR request or whether there was additional adverse evidence considered that was not presented in this BCNR request. Similarly, NJP proceedings are not constrained by the Military Rules of Evidence. Therefore, information, such as hearsay and documents that lacked a foundation, could have been considered. While Petitioner's claim that there was insufficient evidence at his NJP is compelling, it is not legally persuasive.

d. Petitioner next argues that Petitioner's Letter of Reprimand was an affront to justice and fairness. Petitioner's primary argument is that the Executive Officer on the USS San Antonio, LCDR Sean Kearns, was allowed a court-martial, rather than NJP. This argument is similarly compelling. Pursuant to Article 15, because he was attached to a shore command at the time his command sought NJP, LCDR Kearns was entitled to request a court-martial in lieu of NJP, which he apparently did. Petitioner, who was still attached to a ship, did not have that same right, although his command could have allowed his case to go to a court-martial instead of NJP. LCDR Kearns was found not guilty at a Special Court-Martial that allegedly involved the same nexus of facts and the same charge. As discussed *supra*, there could have been a number of reasons for these disparate results, including different proof presented, a lower standard of proof at NJP, and that different triers of fact simply came to different results, which is permissible. In addition, Petitioner, as the Commanding Officer, may have had different duties than his Executive Officer. The evidence presented is simply insufficient to show that the

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS ICO ERIC C. CASH

disparate results of Petitioner's NJP and his Executive Officer's court-martial were unjust or unfair. There is no evidence that Petitioner did not receive due process in his NJP and subsequent appeal.

5. Conclusion: There is insufficient evidence and basis for the BCNR to exercise its broad powers to correct Petitioner's record, and remove reference to the Letter of Reprimand and NJP from his record. Absent the removal of the Letter of Reprimand and NJP, there is insufficient evidence and basis to determine that Petitioner is entitled to a Special Cases Board.

WILLIAM A. LUND
LCDR, JAGC, USN
Office of Legal Counsel (BUPERS 00J)



Attorney-Client Communication and/or Work Product

5420
PERS-80
11 Dec 17

MEMORANDUM

From: Branch Head, Officer Career Progression Branch (PERS-801)
To: Chairman, Board for Correction of Naval Records (BCNR)
Via: Assistant for BCNR Matters (PERS-31C)

Subj: REQUEST FOR ADVISORY OPINION ICO CDR ERIC C. CASH, USN (RET)

Encl: (1) BCNR File NR 20170002451

1. Enclosure (1) is forwarded with no opinion.

2. CDR Cash failed to select in-zone on the FY-13 Navy Active-Duty Captain Line Promotion Selection Board and above-zone on the FY-14 through FY-16 boards. His record contained adverse information in field code 17, which was available for consideration by all four promotion selection boards. If BCNR determines that CDR Cash's record should be amended or modified in any way, he should then request a special selection board through traditional channels, enabling the CNO to give comments and recommendations to the Secretary per SECNAVINST 1420.1B..

S. P. MILLOWAY
LCDR USN