**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA 22204-2490

JDR
Docket No: 2451-17
AUG 0 5 2018

CDR ERIC C CASH USN (RET)
C/O MR DAVID P SHELDON
100 M STREET SE SUITE 600
WASHINGTON DC 20003

Dear Commander Cash:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552. After careful and conscientious consideration of the entire record, the Board found the evidence submitted was insufficient to establish the existence of probable material error or injustice. Consequently, your application has been denied.

Regarding your request for a personal appearance, the Board determined that a personal appearance with or without counsel will not materially add to their understanding of the issue(s) involved. Therefore, the Board determined that a personal appearance was not necessary and considered your case based on the evidence of record.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 30 April 2018. However, prior to reaching a conclusion, the Board identified additional potentially mitigating information not provided for review. Specifically, the Board did not have a copy of the Command Investigation (CI) Report. After receiving the CI Report, the panel continued its review of Petitioner's allegations of error and injustice on 30 May 2018. The names and votes of the members of the panel will be furnished upon request. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, relevant portions of your naval record, and applicable statutes, regulations, and policies. The enclosed advisory opinions (AO) provided in the Office of Legal Counsel (BUPERS-00J) letter dated 2 February 2018 and the Naval Personnel Command (PERS-801) memorandum dated 11 December 2017 were sent to your counsel for an opportunity to comment prior to being considered by the Board. Your rebuttal statement of 20 April 2018 was also considered by the Board.

On 13 May 2010, you received nonjudicial punishment (NJP) for violation of Article 92 (failure to obey order or regulation) of the Uniform Code of Military Justice (UCMJ) as a result of an incident that occurred on 9 February 2009 while you were the Commanding Officer (CO) of the

USS SAN ANTONIO and a sailor was killed in a Rigid Hull Inflatable Boat (RHIB) accident. You unsuccessfully appealed the NJP and were awarded a punitive letter of reprimand (PLOR). Subsequently, you failed selection by the FY13 through FY16 Active-Duty Captain Line Promotion Selection Boards. The adverse information was in your OMPF and available for consideration by all four promotion selection boards.

The Board carefully considered your desire for the Board to (1) remove the NJP from your official military personnel file (OMPF); (2) remove the PLOR from your OMPF; (3) remove the failures of selection (FOS) incurred by the FY13 through FY16 Active-Duty Captain Line Promotion Selection Boards; and (4) grant a Special Selection Board (SSB). The Board considered your initial contentions, with explanation that the preponderance of evidence did not support you were derelict in your duties; there was no watch bill requirement for small boat operations and you had ensured proper supervision for small boat operation on the day in question; negligence or dereliction of duty was not the proximate cause of the accident; and the PLOR was an affront to justice and fairness. You argued that the Executive Officer (XO) on the USS SAN ANTONIO was allowed a court-martial, rather than NJP. The Board also considered the additional contentions from your rebuttal statement that there is no evidence of record to support you were guilty of violating Article 92 of the UCMJ; you submitted substantial evidence, and the investigation into the incident revealed that you had certain watchbill and supervisory duties, you knew of the required watchbill and supervisory duties, and you were not negligent in performing any of your required watchbill or supervisory duties. You highlighted the 00J AO stated it is compelling that the XO, who was charged with exactly the same UCMJ violation for precisely the same facts and circumstances and was acquitted of any wrong-doing at court-martial. You asserted that you have demonstrated there was not implicit or explicit duty to ensure a special evolutions watchbill was in place to support small boating operations, all procedures were in accordance with Department of the Navy requirements; all personnel were properly certified, and acted in accordance with Department of the Navy requirements; and systemic and training problems were revealed during the incident investigation and concluded with over one billion dollars in recommended actions to bring the class of ships within U.S. Navy manning, training, and equipping standards. Further, although the Commander, U.S. Fleet Forces Command had the option to exercise his independent judgment in issuing your NJP and PLOR, and it was not in error, it does not negate that such actions were arbitrary and fundamentally unfair. Finally, two other Commanders in the best position to review accountability for the accident determined you should not be held punitively liable for the incident.

In reaching its conclusion, the Board acknowledged that subsequent to the death of the Sailor, recommended actions to bring the class of ships within U.S. Navy manning, training, and equipping standards have been addressed. However, the Board significantly concurred with the AO and concluded that there is insufficient evidence and basis for the BCNR to exercise its broad powers to correct your record as requested. The Board noted that it appears from the CI Report that you did not properly plan or anticipate problems. Despite your contention that you did not have an implicit or explicit duty to ensure a special evolutions watchbill was in place to support small boating operations, the Board determined that the evidence in the CI Report revealed that a special watchbill was clearly needed and it was your responsibility as the CO to

ensure proper safeguards were in place. With regard to your contention that your XO was allowed a court-martial, rather than NJP, the Board noted that the imposition of NJP complied with the requirements set forth in the Manual for Courts-Martial, Part V and Article 15 of the UCMJ, and you were afforded all of your procedural rights. Your appeal of the NJP was reviewed and it was determined that the evidence supported the charge, and punishment awarded was just, authorized and proportionate to the offense. The Board did not find that such actions were arbitrary or fundamentally unfair.

With regard to your request for an SSB, the Board noted that you must exhaust your administrative remedies prior to applying to the Board. Specifically, you must first request an SSB through the Navy Personnel Command.

It is regretted that the circumstances of your case are such that favorable action cannot be taken at this time. You are entitled to have the Board reconsider its decision upon the submission of new and material evidence. New evidence is evidence not previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

ELIZABETH A. HILL
Executive Director